UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian F. Hupperts, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br>v.<br><br>APOGEE Retail, LLC d/b/a Unique Thrift Store, Valu Thrift Store, Unique, and Value Village; Apogee Retail NY LLC d/b/a Unique and Unique Thrift Store; and Apogee NY, LLC d/b/a Unique Thrift Store, Value Village and Unique,<br><br>             Defendants. | File No. 12-cv-915 (TNL)<br><br>ORDER REGARDING PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT |

      This matter comes before the Court, United States Magistrate Judge Tony N. Leung, upon Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Docket No. 15), made pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed class action settlement set forth in the Stipulation of Settlement dated March 11, 2013 ("Stipulation") signed by Counsel for Plaintiff and the Defendant and attached as Exhibit 2 to the Declaration of Thomas J. Lyons, Jr. (Docket No. 18-2).

      A hearing was held on April 1, 2013. Plaintiff Brian F. Hupperts was represented by Thomas J. Lyons, Jr., of the Consumer Justice Center P.A. Defendants APOGEE Retail, LLC, d/b/a Unique Thrift Store, Valu Thrift Store, Unique, and Value Village; Apogee Retail NY LLC, d/b/a Unique and Unique Thrift Store; and Apogee NY, LLC, d/b/a Unique Thrift Store, Value Village and Unique, were represented by Christopher W.

Harmoning of Gray, Plant, Mooty, Mooty & Bennett, P.A.

Having heard the arguments of counsel, having reviewed the Stipulation, its exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in the Action, and being otherwise fully advised, the Court orders the parties to make the following revisions, clarifications, and the like and submit a revised Legal Publication Notice, Notice of Proposed Class Action Settlement, E-Mail Notification to VIP Members, and proposed order for preliminary approval of class action settlement encompassing those changes:

1. **Legal Publication Notice** (Lyons Decl., Ex. B, Docket No. 18-4)
    a. Revise all references to the Fair and Accurate Credit Transactions Act ("FACTA") to the Fair Credit Reporting Act ("FCRA").
    b. Correct case file number references to "12-cv-915 (TNL)."

2. **Notice of Proposed Class Action Settlement** (To be Posted on www.unique-thrift-settlement.com Website) (Lyons Decl., Ex. C, Docket No. 18-5)
    a. Correct case file number references to "12-cv-915 (TNL)."
    b. Revise all references to the Fair and Accurate Credit Transactions Act ("FACTA") to the Fair Credit Reporting Act ("FCRA").
    c. Change references to www.apogeesettlement.com website to www.unique-thrift-settlement.com website.  (*See, e.g.*, Paragraphs D, I.)
    d. **Clarify class exclusion procedure.**  Paragraph F of the Notice of Proposed Class Action Settlement states that a request for exclusion must be sent to the Apogee Settlement Administrator, KCC Class Action Services, LLC.  The parties' Proposed Order for preliminary approval (Lyons Decl., Ex. A, Docket No. 18-3) states that requests for exclusion are to be sent *both* to the Apogee Settlement Administrator *and* Class Counsel at the Consumer Justice Center, P.A.  (*Compare* Paragraph F of Notice *with* Paragraph 6 of Proposed Order.)
    e. **Clarify objection/comment procedure.**  Paragraph G of the Notice of Proposed Class Action Settlement states that objections/comments concerning the proposed settlement are to be addressed to (1) the Clerk of Court, (2) Class Counsel, and (3) Defense Counsel at the addresses stated therein.  Paragraph 9 of the parties' Proposed Order, however, states that objections/comments shall be sent to (1) the "Court Administrator" as well as (2) the Clerk of Court, (3) the Apogee Settlement Administrator, (4)

2

    Class Counsel, and (5) Defense Counsel, but only provides mailing addresses for (2) through (5).  (*Compare* Paragraph G of Notice *with* Paragraph 9 of Proposed Order.)

3. **E-Mail Notification to VIP Members** (Lyons Decl. Ex. D, Docket No. 18-6)
    a. Revise all references to the Fair and Accurate Credit Transactions Act ("FACTA") to the Fair Credit Reporting Act ("FCRA").
    b. Correct case file number references to "12-cv-915 (TNL)."

**Such revised documents shall be filed with the Court on or before April 15, 2013.**

Further, due to the need for the parties to prepare revised documents for the Court's approval, the Court will move the Final Approval Hearing to **Monday, September 30, 2013, at 10:00 a.m.**, and modify the previously discussed timeline for completion of the settlement as follows:

1. **Preliminary Approval Procedure**
    a. File Preliminary Approval Motion - March 11, 2013, and
    b. Attend the Preliminary Approval Hearing - April 1, 2013;

2. **Notice Publication, Posting and E-mail**
    a. *Initiate Publication* of Notice in periodicals identified in Paragraph 7(a) of the Stipulation-**April 30, 2013**,
    b. Post Notice in brick-and-mortar store locations-**April 30, 2013**,
    c. Electronically post Notice through designated website at www.unique-thrift-settlement.com and by link to said website through www.imunique.com-**April 30, 2013**,
    d. E-mail Notice to existing VIP members-**April 30, 2013**,
    e. *Completion of Publication* in periodicals identified in Paragraph 7(a) of the Stipulation-**June 17, 2013**, and
    f. File declaration certifying that Notice has been accomplished to the Apogee Settlement Class by **July 31, 2013**;

3. **Objections and Statements of Exclusion**
    a. Deadline for Objections or Statements of Exclusion-**July 31, 2013**, and
    b. Apogee Settlement Administrator to report Objections or Statements of Exclusion-**August 30, 2013**;

4. **Final Approval Procedure**
    a. File Final Approval Motion, including Class Representative Award and Class Counsel Fee Petition-**September 16, 2013**, and
    b. Attend the Final Approval Hearing-**September 30, 2013**; and

5. **Settlement Distribution**
    a. Pay Class Representative Award and Class Counsel Attorney's Fees and Costs within five business days after the Effective Date of the Final Approval Order,
    b. Distribute Settlement Vouchers within one month after the Effective Date of the Final Approval Order, and
    c. Honor Class Members' Settlement Vouchers in effect for the class period printed on the Settlement Voucher for a period of six months after date of issuance.

**IT IS SO ORDERED.**


Date: April ___9___, 2013                             _____*s/ Tony N. Leung*_____
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      for the District of Minnesota


*Hupperts v. Apogee Retail, LLC et al.*
File No. 12-cv-00915 (TNL)