UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian F. Hupperts, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>APOGEE Retail, LLC d/b/a Unique Thrift Store, Valu Thrift Store, Unique, and Value Village; Apogee Retail NY LLC d/b/a Unique and Unique Thrift Store; and Apogee NY, LLC d/b/a Unique, Value Village, and Unique Thrift Store,<br><br>    Defendants. | File No. 12-cv-915 (TNL)<br><br><br><br>**ORDER** |

Thomas J. Lyons, Jr., **Consumer Justice Center P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127 (for Plaintiff); and

Christopher W. Harmoning, **Gray Plant Mooty Mooty & Bennett, PA**, 1010 West St. Germain, Suite 600, Saint Cloud, MN 56301 (for Defendants).

## I.    INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff Brian F. Hupperts's Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 32) and Plaintiff's Unopposed Motion for Attorney's Fees & Costs (ECF No. 35). The parties have consented to this Court's jurisdiction and ability to enter final judgment in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 (*see* Order, ECF No. 20). A hearing was held with Thomas J. Lyons, Jr., appearing on behalf of Plaintiff and Christopher W. Harmoning appearing on behalf

1

of Defendants. For the reasons that follow, the Motions are **GRANTED IN PART AND DENIED IN PART** as follows.

## II. BACKGROUND

Plaintiff Brian Hupperts filed this lawsuit alleging that a credit-card receipt he received at a store operated by Defendants contained the unredacted expiration date of his credit card in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq.*, and the Fair and Accurate Credit Transactions Act ("FACTA"). Plaintiff filed the action as a putative class action. Plaintiff's class allegations implicate Defendants' 30 retail stores in 8 states.

On November 26, 2012, the parties met with this Court for a settlement conference, which led to the stipulated settlement. On April 8, 2013, this Court preliminarily approved the parties' settlement, including certification of a settlement class. (ECF No. 26.) Plaintiff now seeks final approval of the settlement and a class representative award of $10,000. Under the settlement, class members will receive a store credit in an amount up to $10, provided that the total aggregate payments to all eligible class members shall not exceed $500,000. If more than 50,000 valid proof-of-claim forms are submitted for verification, each class member shall receive a settlement voucher for store credit in a proportional or pro-rata share of the maximum aggregate payment of $500,000. These vouchers are valid only within the six-month period defined on the settlement voucher. In addition, Plaintiff seeks attorney's fees and costs in the amount of $125,000. (ECF No. 36.)

### III.     FINAL CLASS ACTION SETTLEMENT APPROVAL

Approval of a class action settlement under Federal Rule of Civil Procedure 23(e) is a two-step process. First, the Court must enter a preliminary approval order. Second, after notice of the proposed settlement has been provided to the class and a final fairness hearing conducted, the Court must enter a final approval order.

**A.     Reasonableness of Class Settlement**

Courts analyze "four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). The first factor is "[t]he most important consideration in deciding whether a settlement is fair, reasonable, and adequate . . . ." *Id.* at 933 (internal quotation marks omitted).

In addition, because the proposed settlement consists of vouchers to be used in Defendants' retail outlets, "the provision of the Class Action Fairness Act of 2005 ("CAFA") regarding coupon settlements at 28 U.S.C. § 1712 is also applicable." *Fouks v. Red Wing Hotel Corp.*, No. 12-cv-2160 (JNE/TNL), 2013 WL 6169209, at *2 (D. Minn. Nov. 21, 2013). "[W]here a proposed settlement includes the award of coupons to class members, 'the court may approve the proposed settlement only [upon] making a written finding that . . . the settlement is fair, reasonable, and adequate for class members.'" *Id.* (quoting 28 U.S.C. § 1712(e)).

An examination of above factors when applied to this case weighs in favor of settlement. Here, Plaintiff alleges a prima facie case against Defendants, but does not allege that any actual damages were suffered. This is reflected in the favorable yet modest terms of the settlement. There is no evidence indicating Defendants are in a difficult financial position. Denying the settlement would no doubt lead to further litigation and increased expenses for both parties. And while the factual determination of whether Defendants did in fact comply with their statutory obligations is not likely to be complex, the question of whether any noncompliance was willful or negligent may indeed be more so. *Compare* 15 U.S.C. § 1681n (liability for willful noncompliance) *with* 15 U.S.C. § 1681o (liability for negligent noncompliance). Furthermore, no class members have excluded themselves or objected to the settlement.  Therefore, upon consideration of the relevant factors, this Court finds that the proposed settlement is fair, reasonable, and adequate with respect to the class.

**B.     Adequacy of Notice**

Federal Rule of Civil Procedure 23(e)(1) requires that notice of a proposed settlement must be directed "in a reasonable manner to all class members who would be bound by the proposal." Notice of a proposed settlement also "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999) (internal quotation marks omitted).

In this case, class members received adequate notice sufficient to afford them the opportunity to object or exclude themselves from the proposed settlement. From April 30,

2013 to June 17, 2013, notice was published in the following newspapers: *Star Tribune*; *New Brighton Mounds View Shoreview St. Anthony Bulletin*; *North St. Paul Ramsey Co. Maplewood Review*; *Oaksdale-Lake Elmo Review*; *Roseville Review*; *South St. Paul South-West Review*; *St. Paul Eastside Review*; *Pioneer Press*; *Vida y Sabor/La Prensa*; *Washington Times*; *Maryland Pennysaver-Baltimore*; *La Voz*; *Aurora Sentinel*; *St. Louis Dispatch*; *St. Louis Community News*; *Latino Enterprises/Shopper Latino*; *Landmark Community News-Shepherdsville Pioneer News*; *El Diario La Presna*; *El Especial*; *the Bilingual News-El Bilingue*; *New York Daily News*; *Newsday*; *New York Post*; *La Tribuna Hispana* (New York); *La Tribuna Hispana* (New Jersey); *Star Ledger*; *Mundo Hispano News*; *Riverdale Press*; *NY Pennysaver*; *South Plainfield Observer*; and *Hudson Reporter*.

Further notice was also provided to class members at Defendants' retail outlets. Both English and Spanish language copies of the notice were posted in two conspicuous places at each of Defendants' store locations from April 17, 2013, to July 15, 2013. Electronic posting of the notice through www.Unique-Thrift-Settlement.com also occurred from April 30, 2013, to August 1, 2013. A link to this website was present on Defendants' website, www.imunique.com, from April 30, 2013 to July 15, 2013. Notice was also emailed to all of Defendants' Unique Thrift Store "VIP" members with valid email addresses on April 30, 2013. Based on these actions, the Court concludes that notice of the proposed settlement was both timely and adequate.

**C.       Class Representative Award**

Plaintiff also seeks a class representative award of $10,000. "Since without a named plaintiff there can be no class action, . . . compensation as may be necessary to induce him to participate" may be appropriate. *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992). When determining if such an award should be granted, "relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time or effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *see also In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (citing *Cook* and listing its factors in affirming award for representative plaintiffs).

Plaintiff has requested a class representative award of $10,000. An award of $10,000 appears to this Court to be rather excessive. Although the named Plaintiff took action to protect the class and the class benefited from those actions, this benefit is comparatively modest in light of the settlement amount. Furthermore, an award of this magnitude does not reflect the time or effort expended by the Plaintiff as class representative. It is stated that "Plaintiff actively participated throughout the course of this litigation," (Pl.'s Mem. Supp. Mot. Approval of Settlement at 13, ECF No. 34). But beyond making a purchase at a store owned by one of the Defendants, consulting with his attorney, and appearing a settlement conference, it is unclear how the Plaintiff "actively participated" to warrant an award in such amount. In addition, this Court notes that Plaintiff has previously been a representative plaintiff in a similar FACTA class-action suits, including *Ebert v. Warners' Stellion Co., Inc.,* No. 11-cv-2325 (JRT/SER), and

6

*Fouks*, No. 12-cv-2160 (JNE/FLN). "Given Plaintiff's experience with filing lawsuits, these proceedings were not onerous for him." *Zaun v. Al Vento Inc.*, No. 11-cv-2024 (PAM/TNL), 2013 WL 236508, at *2 (D. Minn. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 236844 (D. Minn. Jan. 18, 2013).

Furthermore, § 1681n limits the award to consumers to actual damages up to $1,000 plus "such amount of punitive damages as the court will allow." 15 U.S.C. § 1681n(a)(1). Plaintiff suffered no actual damages. The proposed class representative award is *ten times* the statutory maximum. Even if the facts were such that punitive damages would be appropriate (and there is nothing to indicate that they are), a punitive-damages award of ten times the maximum amount a plaintiff may recover for actual damages is excessive. Accordingly, this Court will reduce the class representative award to $5,000.

**D.      Approval of Modified Class Settlement**

After a reduction of the class representative award to $5,000, the Court finds that, as a whole, the proposed settlement is fair, adequate, and reasonable, and such settlement is approved as modified herein.

### IV.    ATTORNEY'S FEES AND COSTS

As part of the settlement Defendants have agreed not to oppose an award to class counsel of attorney fees, costs, expenses, and disbursements in an amount up to $125,000. Plaintiffs have filed an unopposed Motion for Attorney's Fees and Costs (ECF No. 36), requesting the full $125,000.

7

Under FACTA, a plaintiff may recover "costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681n(a)(3). CAFA likewise requires court approval of attorney fees in coupon class-action settlements. 28 U.S.C. § 1712(b)(2). To determine a reasonable award of attorney's fees, a court begins with the "lodestar" amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fair Isaac Corp. v. Experian Info. Solutions Inc.*, 711 F. Supp. 2d 991, 1008 (D. Minn. 2010); *see also* 28 U.S.C. § 1712(b)(1) ("If a proposed settlement in a class action provides for a recovery of coupons to class members, and a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid by class counsel, any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action."). To determine a reasonable hourly rate, a court relies on its own experience and knowledge of the prevailing market rate. *Trickey v. Kamen Indus. Technologies Corp.*, 705 F.3d 788, 807 (8th Cir. 2013). "The reasonableness of a fee depends upon a number of factors, including 'the [party's] overall success; the necessity and usefulness of the [party's] activity in the particular matter for which fees are requested; and the efficiency with which the [party's] attorneys conducted that activity.'" *Fair Isaac*, 711 F. Supp. 2d at 1008 (alteration in original) (quoting *Jenkins v. Missouri,* 127 F.3d 709, 718 (8th Cir. 1997)). The degree of success attained is the most critical factor in this determination. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 852 (8th Cir. 2002).

In this case, class counsel negotiated a settlement that was fair, adequate, reasonable, and in the best interests of the class. Because of this, the Plaintiffs prevailed in this suit and the requested attorney's fees and expenses reflect that success.

The Court must also determine if the rates and time expended in this case were reasonable. Class counsel's time sheets show an hourly rate of $400 for counsel. Based on this Court's knowledge of the prevailing market rate of attorneys, the hourly rate sought here is reasonable. *See Ebert v. Warners' Stellian Co., Inc.*, Civil No. 11-2325 (JRT/SER), 2013 WL 2420452 (D. Minn. June 3, 2013) (approving a similar hourly rate for this class counsel). In addition, a review of the time records submitted by class counsel in this case reveals that the time spent in this litigation was also reasonable. Counsel spent considerable time drafting documents, researching the various defendants, and working on the expansive notice publication campaign. The costs in this case are also reasonable, being limited to filing fees, service, copies, and postage. At present, the total costs and fees are roughly $1,500 less than the $125,000 requested. Nevertheless, class counsel anticipates spending an additional 40 hours to effectuate the settlement and oversee the award disbursement. (Mem. Supp. Pl.'s Mot. Att'ys Fees at 9 n.3, ECF No. 37.) Based on the successful result obtained by counsel and the reasonableness of the counsel's hourly rate and time expended, the Court will grant the unopposed motion for attorney's fees and costs.

## V. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 32) is **GRANTED IN PART AND DENIED IN PART** as set forth above; and

2. Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 36) is **GRANTED** in the amount of $125,000.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April  9  , 2014                            *s/ Tony N. Leung*
                                                   Tony N. Leung
                                                   United States Magistrate Judge
                                                   District of Minnesota

*Hupperts v. APOGEE Retail, LLC*
File No. 12-cv-915